UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In the Matter of:                                 )
                                                  )
BRIDGEPORT HOLDINGS, INC., et al.,                )          Chapter 11
                                                  )          Case No. 03-12825 (PJW)
                            Debtors.              )
_____           )
                                                  )
KEITH F. COOPER, As Liquidating                   )
Trustee Of The Bridgeport Holdings Inc.           )
Liquidating Trust,                                )
                                                  )
                            Plaintiff,            )
                                                  )
v.                                                )          Adv.Pro.No. 05-50064 (PJW)
                                                  )
TECH DATA CORPORATION,                            )
                                                  )
                            Defendant.            )
_____           )

Filed February 14, 2005

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TECH
DATA CORPORATION'S MOTION TO DISMISS COMPLAINT
PURSUANT TO RULES 12(b)(1), (b)(6) AND (h)(3) OF THE
FEDERAL RULES OF CIVIL PROCEDURE AND RULE 7012 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

---

Andrew J. Flame (DE 4398)               Charles M. Tatelbaum
Howard A. Cohen (DE 4082)               Stephen C. Hunt
1100 N. Market Street                   350 E. Las Olas Blvd., Suite 1700
Wilmington, DE 19801                    Ft. Lauderdale, FL 33301
Telephone: (302) 467-4200               Telephone: (954) 763-1200
Facsimile: (302) 467-4201               Facsimile: (954) 766-7800
DRINKER BIDDLE & REATH LLP              ADORNO & YOSS, LLP

*Attorneys for Defendant and Movant*
TECH DATA CORPORATION

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... (ii)

PRELIMINARY STATEMENT ...................................................................................... 2

STATEMENT OF THE NATURE AND STAGE
 OF THE PROCEEDING ............................................................................................... 2

SUMMARY OF ARGUMENT ...................................................................................... 3

STATEMENT OF FACTS ............................................................................................. 3

LEGAL ARGUMENT .................................................................................................... 5

      POINT I

      THE COMPLAINT MUST BE DISMISSED WITH PREJUDICE:
      THE LIQUIDATING TRUST'S RIGHT TO PURSUE PREFERENCE
      CLAIMS AGAINST TECH DATA POST-CONFIRMATION IS
      BARRED ON GROUNDS OF RES JUDICATA, DEPRIVING THE
      BANKRUPTCY COURT OF SUBJECT MATTER JURISDICTION ................ 5

      POINT II

      THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH
      RELIEF MAY BE GRANTED: THE DEBTORS HAVE NOT BEEN
      ACTUALLY OR SUBSTANTIVELY CONSOLIDATED, AND THE
      COMPLAINT FAILS TO IDENTIFY THE TRANSFEROR DEBTOR
      OR OTHERWISE SATISFY THE PLAINTIFF'S PLEADING
      OBLIGATION ............................................................................................... 18

CONCLUSION ............................................................................................................. 19

## TABLE OF AUTHORITIES

### Cases

*In re Am.Preferred Prescription*, 266 B.R. 273 (E.D.N.Y. 2000) ........................ 7, 8, 9, 14

*In re Ampace Corp.*, 279 B.R. 145 (Bankr. D. Del. 2002) ................................................. 5

*D & K Props.,* 1996 WL 224517 ............................................................................9

*Browning v. Levy,* 283 F.3d 761 (6th Cir. 2002) ........................................6, 10, 11

*D & K Props. Crystal Lake v. Mutual Life Ins. Co. of New York,*
112 F.3d 257 (7th Cir. 1997) .......................................................... 6, 7, 9, 10, 14

*EXDS,, Inc. v. Ernst & Young, LLP (In re EXDS, Inc.),* 316 B.R. 817
(Bankr.D.Del. 2004) ..................................................................................................... 5

*Galerie Des Monnaies of Geneva, Ltd.,* 55 B.R. 253
(Bankr. S.D.N.Y. 1985) ................................................................................16, 17

*Galerie Des Monnaies of Geneva, Ltd.,* 62 B.R. 224 (S.D.N.Y.1986).......................16, 17

*Goldin Assocs., L.L.C. v. Donaldson, Lufkin & Jenrette Sec's Corp.,*
2004 WL 1119652 (S.D.N.Y. 2004) ........................................................................ 6, 7

*Harstad v. First Am. Bank,* 39 F.3d 898 (8th Cir. 1994) ................................................ 15

*Holly's Inc.,* 172 B.R. at 546 (Bankr. W.D. Mich. 1994),
aff'd, 178 B.R. 711 (W.D. Mich. 1995) .................................................... 12, 15

*Huntsville Small Engines, Inc.,* 228 B.R. 9 (Bankr. N.D. Ala. 1998)............................... 14

*Johns-Manville Corp.,* 7 F.3d 32 (2d Cir. 1993) ...................................................... 9

Kelley, 199 B.R. 698 (9th Cir. BAP 1996)................................................6, 7, 10, 11, 12, 14

*Mickey's Enter.'s, Inc.,* 165 B.R. 188 (Bankr. W.D. Tex. 1994) .......................... 12, 13, 14

Norman N. Kinel & Melissa Zelen Neier, *Post Confirmation Jurisdiction
in the Bankruptcy Courts: Does It Ever End?,* 55 The Business Lawyer
81 (1999) ................................................................................................................. 6

*Sure-Snap Corp. v. State Street Bank and Trust Co.,* 948 F.2d 869
(2d Cir. 1991)................................................................................................... 8, 9

*Westland Oil Dev. Corp. v. MCorp Mgmt. Solutions, Inc.,*

157 B.R. 100 (Bankr. S.D. Tex. 1993) ............................................................. 16

**Statutes**

11 U.S.C. § 547 ...................................................................................... 2, 15

11 U.S.C. §546 .........................................................................................13

11 U.S.C. § 1123(b) ......................................................................... 10, 15, 16

11 U.S.C. §§ 105(a) and 1142 ........................................................................ 4

11 U.S.C. §§ 542, 543, 544, 548, 550, and 553 .......................................... 3, 10

**Rules**

Bankruptcy Rule of Procedure 7012 ............................................................ 1, 18

Bankruptcy Rule of Procedure 7008 ...............................................................18

Federal Rule of Civil Procedure 12(b)(6) ................................................. 2, 3, 18

Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) .................................. 2, 3

Federal Rule of Civil Procedure 8(f) ...............................................................18

Rules 12(b)(1) and (b)(b) and (h)(3) of the Federal Rules of Civil Procedure ..................... 2

**Other Authorities**

Deborah R. Crabbe, *How Much Specificity Is Required by 11 U.S.C. § 1123(B)(3)(B)?*, AM. BANKR. L.J., May 2004, at 32 ......................................................... 6, 14

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | |
| BRIDGEPORT HOLDINGS, INC., et al., | ) | Chapter 11 |
| | ) | Case No. 03-12825 (PJW) |
| Debtors. | ) | |
| ———————————————— | ) | |
| | ) | |
| KEITH F. COOPER, As Liquidating | ) | |
| Trustee Of The Bridgeport Holdings Inc. | ) | |
| Liquidating Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv.Pro.No. 05-50064 (PJW) |
| | ) | |
| TECH DATA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TECH
DATA CORPORATION'S MOTION TO DISMISS COMPLAINT
PURSUANT TO RULES 12(b)(1), (b)(6) AND (h)(3) OF THE
FEDERAL RULES OF CIVIL PROCEDURE AND RULE 7012 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

TECH DATA CORPORATION, the Defendant and movant herein ("Tech Data" or

the "Defendant"), by and through its undersigned counsel, as and for the Memorandum of

Law in Support of its Motion to Dismiss Complaint (the "Motion") pursuant to Rules

12(b)(1) and (b)(b) and (h)(3) of the Federal Rules of Civil Procedure (the "Rules") and

Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

respectfully states as follows:

## PRELIMINARY STATEMENT

In its Motion, Tech Data submitted that the Court was deprived by post-confirmation subject matter jurisdiction over the claims being asserted by Keith F. Cooper, as Liquidating Trustee of the Bridgeport Holdings, Inc. Liquidating Trust, the plaintiff herein (the "Plaintiff") against Tech Data for the avoidance of preferential transfers pursuant to Section 547(b) of the Bankruptcy Code.   The right to prosecute avoidance claims held by the Plaintiff, the liquidating trust, or the estates of Bridgeport Holdings, Inc., et al., against Tech Data was discharged and released by virtue of the confirmation of the Official Committee of Unsecured Creditors' First Amended Plan of Distribution (the "Plan") for Bridgeport Holdings Inc. and its Debtor Affiliates (the "Debtors"), and the doctrine of res judicata precludes the litigation of the avoidance action at this time or at any time.

Tech Data also moved to dismiss the Complaint for having failed to state a claim upon which relief may be granted.   More particularly, Tech Data submitted that the Plaintiff's failed to identify the alleged transferor debtor for each of the alleged avoidable transfers does not satisfy his burden of adequately pleading his causes of action.

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

The instant adversary proceeding is an action by Plaintiff to recover alleged preferential transfers from Defendant Tech Data Corporation pursuant to Bankruptcy Code Section 547.

A complaint has been filed, and this motion to dismiss constitutes Tech Data Corporation's initial responsive pleading. No other activity in this matter is known to have occurred to date.

## SUMMARY OF ARGUMENT

1.      Plaintiff is barred from proceeding with this action by operation of the doctrine of res judicata.

2.      Because Plaintiff is barred from proceeding due to the legally insufficient retention of jurisdiction clauses in the Plaintiff's disclosure documents, this Court lacks subject matter jurisdiction due Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

3.      Accordingly, Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF FACTS

The Debtors filed separate voluntary Chapter 11 petitions with the Court on or about September 9, 2003 (the "Petition Date"). D.I. #1. The Debtors' separate bankruptcy cases were jointly administered pursuant to an Order of the Court, and have not been substantively or actually consolidated.

The Disclosure Statement for the Plan was approved by the Bankruptcy Court by operation of its July 24, 2004 Order. With respect to the pendency of avoidance actions against potential defendants, the Disclosure Statement states, in pertinent part:

> 5.   Preservation of Rights of Action. Entry of the Confirmation Order shall not constitute a waiver or release by the Debtors or their Estates of any Cause of Action except as previously provided for in the Plan. On and after the Effective Date, the Liquidating Trust shall be assigned all Causes of Action arising under Sections 542, 543, 544, 547 though 551, and 553 of the Bankruptcy Code....

Disclosure Statement, p. 32, D.I. #713. In terms of the post-confirmation retention of jurisdiction by the Bankruptcy Court over preference avoidance actions, the Disclosure Statement states as applicable

> L. Retention of Jurisdiction Under Sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the Plan's Confirmation and the occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction (unless specified below) over all matters arising out of or related to the Chapter 11 Cases and the Plan, to the fullest extent permitted by law, including jurisdiction to:
>
> > 4. Hear and determine any and all adversary proceedings, motions, applications, and contested or litigated matters arising out of, under, or related to, the Chapter 11 cases;
> >
> > * * *
> >
> > 12. Recover all assets of the Debtors and property of the Debtors' Estates, wherever located....

Disclosure Statement, pp. 50–1, D.I. #713.

The Plan was confirmed by the Bankruptcy Court pursuant to an Order dated September 24, 2004. As to rights of action post-confirmation, the Plan language is consistent with, if not identical to, the provisions of Article V.C.5 of the Disclosure Statement, quoted *supra. See generally*, Plan, p. 17–8, D.I. #712. Similarly, with respect to the Bankruptcy Court's retention of jurisdiction post-confirmation, the Plan language is consistent with, if not identical to, the provisions of the Disclosure Statement. *See* Plan, pp. 36–7, para. D and L, D.I. #712. Additionally, the Plan provides, in paragraph O of that section, that the Court shall "[h]ear and determine all matters related to Causes of Action brought by the Liquidating Trust, including any and all issues related to applicable insurance coverage." *Id.* at 37, para. O, D.I. #712.

On January 13, 2005, some months after the confirmation of the Plan, the Plaintiff commenced the within adversary proceeding with the filing of his Complaint. *See* D.I. #1056. Tech Data now moves to dismiss the Complaint with prejudice.

## LEGAL ARGUMENT

### POINT I

THE COMPLAINT MUST BE DISMISSED WITH PREJUDICE: THE LIQUIDATING TRUST'S RIGHT TO PURSUE PREFERENCE CLAIMS AGAINST TECH DATA POST-CONFIRMATION IS BARRED ON GROUNDS OF RES JUDICATA, DEPRIVING THE BANKRUPTCY COURT OF SUBJECT MATTER JURISDICTION

Tech Data respectfully submits that the broad retention of jurisdiction set forth in the Disclosure Statement and Plan is inadequate to preserve the Court's jurisdiction over this adversary proceeding. Moreover, the failure of the interests represented by the Plaintiff to have specifically reserved jurisdiction over the preference claims against Tech Data bars litigation of this proceeding by operation of res judicata. While Tech Data is aware of the line of cases, including this bankruptcy court's decisions in *In re Ampace Corp.,* 279 B.R. 145 (Bankr. D. Del. 2002) and *EXDS,, Inc. v. Ernst & Young, LLP (In re EXDS, Inc.)*, 316 B.R. 817 (Bankr.D.Del. 2004) regarding the sufficiency of broad retention of jurisdiction provisions in plans of reorganization, Tech Data respectfully disagrees with the Court's conclusion and relies upon what it believes to be the majority of other cases which adopt a restrictive view of post-confirmation jurisdiction and require specificity in retention of jurisdiction clauses. More importantly, Tech Data believes that the recent trend among most jurisdictions has been to follow the 'majority view' whereby, to avoid the application of res judicata to unasserted causes of action post-confirmation, the right to

pursue said cause of action must be express — both in writing and specifically identified. *D & K Props. Crystal Lake v. Mutual Life Ins. Co. of New York*, 112 F.3d 257, 259–61 (7th Cir. 1997). It is insufficient to simply identify the individual who has the power to bring these actions; rather, it is necessary to go further and disclose the intent to bring the actions and specifically identify the actions. Deborah R. Crabbe, *How Much Specificity Is Required by 11 U.S.C. § 1123(B)(3)(B)?*, AM. BANKR. L.J., May 2004, at 32. In this regard, Tech Data observes that "[a]lthough the jurisdiction of the bankruptcy court continues until a bankruptcy case is closed, once a plan has been confirmed, the court's jurisdiction begins to weaken.'" Norman N. Kinel & Melissa Zelen Neier, *Post Confirmation Jurisdiction in the Bankruptcy Courts: Does It Ever End?*, 55 The Business Lawyer 81, 92 (1999) (citing *Walnut Assocs. v. Saidel*, 164 B.R. 487, 491 (E.D. Pa. 1994)).

As previously suggested, Tech Data believes that a majority of jurisdictions that have considered res judicata a bar to the assertion, post-confirmation, of inadequately reserved causes of action, and concluded the only safe harbor is an express reservation. In *Goldin Assocs, L.L.C. v. Donaldson, Lufkin & Jenrette Sec's Corp.*, as the court explained, "[a] majority of courts have held that, for this exception to apply, the reservation must identify with some specificity what claims it intends to preserve and against whom those claims are asserted." 2004 WL 1119652, *3 (S.D.N.Y. 2004); *see also Browning v. Levy*, 283 F.3d 761, 774 (6th Cir. 2002) (holding a general reservation of rights in a plan to be insufficient to avoid res judicata); *D & K Props., supra*, 112 F.3d at 261 (holding that a blanket reservation that seeks to reserve all causes of action reserves nothing); *In re Kelley*, 199 B.R. 698, 704 (9th Cir. BAP 1996) (explaining that

even a blanket reservation by the debtor reserving all causes of action which the debtor may choose to institute has been held insufficient to prevent the application of res judicata to a specific action, and that if the debtor fails to mention the cause of action in either his schedules, disclosure statement, or plan, then he will be precluded from asserting it post-confirmation); *In re Am.Preferred Prescription*, 266 B.R. 273, 277 (E.D.N.Y. 2000) (holding that a plan must expressly reserve the right to pursue that particular claim post-confirmation).

The *Goldin Associates* court distinguished the facts of the dispute at bar because, while the plan contained only a general reservation, the disclosure statement contained a lengthy and detailed summary of the claims the debtor intended to preserve. *Id.* at *5-6 (holding that plaintiff's claims were adequately preserved and are not barred by the doctrine of res judicata); *D & K Props.,* 112 F.3d at 261 (failure to identify specific claim results in preclusion of claims post-confirmation). Of course, there was no such specific description of the pendency of preference claims against Tech Data set forth in the Disclosure Statement in the instant matter behind which the Plaintiff may take shelter.

Similarly, in *American Preferred, supra,* 266 B.R. at 277, the district court explained that the majority of courts that have examined this issue have held that a plan must expressly reserve the right to pursue a particular claim post-confirmation and that a blanket reservation allowing for an objection to *any* claim will be insufficient. *See also In re Kelley*, 199 B.R. at 704 (holding that if a confirmed plan expressly reserves the right to litigate a specific cause of action after confirmation, then res judicata does not apply). A blanket reservation has been held insufficient to prevent the application of res judicata

to a specific action. *In re Am. Preferred Prescription*, 266 B.R. at 277.

The *American Preferred* court observed that the minority view, which holds that "a plan provision containing a general reservation of 'the right to object to claims following confirmation and for extending the time for doing so' is sufficient to overcome the res judicata bar." *Id.* at 278. The same court also noted that in *Sure-Snap Corp. v. State Street Bank and Trust Co.*, the Court of Appeals for the Second Circuit impliedly recognized that should such an exception to res judicata exist, the right to bring the subsequent litigation must be specifically reserved in the confirmed plan. 948 F.2d 869 (2d Cir. 1991). Because the *American Preferred* court found the majority approach on this issue to be more consistent with the Second Circuit's statements, it held that the general reservation contained in debtor's plan was insufficient to escape the res judicata bar against proceeding with the post-confirmation action. *Id.* at 279.

In *Sure-Snap*, the debtors had moved post-confirmation to modify their plan so as to preserve their right to bring outstanding claims that had not been raised in the bankruptcy court. *Id.* at 871. The bankruptcy court denied the motion, and two subsequent motions for reconsideration were also denied. *Id.* The debtors inquired, at the final hearing, as to whether the bankruptcy court's decisions would preclude the bringing of such claims in another forum. *Id.* at 872–73. The bankruptcy court responded with the opinion that any such claims were reserved to the debtors as a matter of law. *Id.* at 873. In deciding the effect of the bankruptcy court's comment, the Second Circuit concluded that

> [a]s in *Howe,* where the reorganization plan explicitly
> "reserved [to the debtors] the right to prosecute 'any claims

> of action' which ... were not previously litigated to a final
> judgment, and yet the subsequent bringing of the action
> was still barred, we hold here that the judge's colloquy was
> not dispositive of appellants' allegedly reserved right.

*Id.* (citation omitted).

"The implication is that had the debtors' right to bring subsequent litigation been reserved expressly in the plan, such post-confirmation litigation would have escaped the res judicata bar." *In re Am. Preferred Prescriptions*, 266 B.R. at 278 (citing *In re Hooker,* 162 B.R. 426, 433 (Bankr.S.D.N.Y. 1993)); *see also D & K Props.,* 1996 WL 224517 at *4 (interpreting *Sure-Snap* to hold that "a colloquy with the court was not sufficient to reserve the plaintiff's right to bring post-confirmation litigation, and implying that, to escape the res judicata bar, the right to bring the subsequent litigation must be expressly reserved in the confirmed plan").

This thread was followed by the Second Circuit in *In re Johns-Manville Corp.* with the declaration that "[a] bankruptcy court retains post-confirmation jurisdiction in a chapter 11 proceeding only to the extent provided in the plan of reorganization. 7 F.3d 32, 34 (2d Cir. 1993).

In *D & K Props.Crystal Lake v. Mutual Life Ins. Co. of New York*, the Court of Appeals for the Seventh Circuit considered a debtor's argument that it should be permitted to assert a post-confirmation claim of bad faith breach of contract when its plan included a reservation to assert "all causes of action existing in favor of the Debtor" among those to be enforced by the disbursing agent. 112 F.3d at 259. The district court below had disagreed with the debtor's argument and concluded that such language constituted an impermissible blanket reservation, and lacked the specificity necessary to

reserve a cause of action, and was affirmed on appeal. *Id.* at 260. As the Seventh Circuit explained, in support of the affirmance—

> The problem…in this case, was not that the reservation was not in writing, but that the claim sought to be reserved was not identified in the reservation. The identification must not only be express, but also the claim must be specific. A blanket reservation that seeks to reserve all causes of action reserves nothing. To hold otherwise would eviscerate the finality of a bankruptcy plan containing such a reservation, a result at odds with the very purpose of a confirmed bankruptcy plan.

*Id.* at 261. In this regard, the *D & K* court approvingly cited to the Ninth Circuit Bankruptcy Appellate Panel's decision in *Kelley* for the proposition that, to avoid res judicata, the reservation of a cause of action in a plan must be both express, as in writing, and express, as in specifically identified. 199 B.R. at 698.

Tech Data also submits that the decision in *Browning v. Levy* to be supportive of the majority view. 283 F.3d 761, 774 (6th Cir. 2002). In *Browning,* the Court of Appeals for the Sixth Circuit observed that a claim not expressly reserved in a plan will be subject to res judicata. As an example of the type of broad language that was not considered an exception to the preclusive effects of res judicata, the following omnibus reservation of rights was set forth in the disclosure statement:

> In accordance with Section 1123(b) of the Bankruptcy Code, the Company shall retain and may enforce any claims, rights, and causes of action that the Debtor or its bankruptcy estate may hold against any person or entity, including, without limitation, claims and causes of action arising under Sections 542, 543, 544, 547, 548, 550, or 553 of the Bankruptcy Code.

283 F.3d at 769. The Sixth Circuit concluded that the foregoing language was a blanket reservation, and that such blanket reservations are of little value to the bankruptcy court and the other parties to the bankruptcy proceeding because it did not enable the value of

the claims to be taken into account in the disposition of the debtor's estate. *Id.* at 774–75.

Since the plan and disclosure statement neither named the defendant nor stated the factual

basis for the reserved claim, the *Browning* court concluded that the blanket reservation

did not defeat the application of res judicata to the claims against the defendant.

In *In re Kelley* the Ninth Circuit Bankruptcy Appellate Panel was confronted by a

similar issue in that the debtors, in their confirmed plan, attempted to reserve jurisdiction

over a post-confirmation litigation issue as follows:

> Except as otherwise ordered by the Bankruptcy Court pursuant to Section
> 4.3 below, the terms and conditions of the security interests of South Bay
> Bank shall remain unaltered by this Plan.

Section 4.3(b) of the Confirmed Plan states:

> Within thirty (30) days of the date of Plan Confirmation, the Debtors shall
> initiate adversary proceedings to contest the amount, allowability, priority
> and/or secured status of any claims which the Debtors believe are not
> proper. The Debtors may at the same time bring any counter-claims that
> they believe proper against any creditors asserting claims.   The Debtors
> shall diligently pursue all such adversary proceedings.  The Debtors shall
> not contest the claim of City National Bank, which claim the Debtors
> accept in its full amount.

199 B.R. at 704.  The debtors argued that there was a clear inference that they intended to

object to the defendant's claim based on its omission and pointed to the language which

states specifically that they will not object to another creditor's claim.  The *Kelley* court

held the above language constituted little more than a general reservation of rights,

insufficient to prevent the application of res judicata. *Id.*

Furthermore, although the debtors made two references in their disclosure

statement to the subject claim against the defendant, these were found insufficient as

well.   The more detailed, yet defective, disclosure statement retention language

provided—

> It is possible that the [debtors] may have various counter claims against
> [the defendant]...Also, as noted above, the proper amount of the debt to
> [defendant] may be reduced by ... counter claims which the [debtors] may
> have against [the defendant].

*Id.* [citing to debtor's disclosure statement]. The *Kelley* court stated that "[a]lthough this is a clearer expression of potential causes of action, it does not mention the grounds for these potential claims... the reservation of rights in a plan must be more specific than this," and held that res judicata operated to preclude the post-confirmation claim. *Id.* at 704–05. Similarly, the *Kelley* court observed that some plan proponents are given to using "such vague references to counterclaims" in disclosure statements and proposed plans because they worry that properly informed creditors might not vote in favor, or worse would vote against, a plan that includes an identifiable reference to a claim objection. *Id.* at 704. The *Kelley* court also recognized the decision *In re Holly's Inc.,* for this principal. *See In re Holly's, Inc.,* 172 B.R. 545, 546 n. 26 (Bankr. W.D. Mich. 1994), *aff'd,* 178 B.R. 711 (W.D. Mich. 1995) (explaining that creditors might vote differently on a plan that provides for post-confirmation challenges to their claims, and therefore specificity is required).

The majority viewpoint on the operation of res judicata as a bar to unreserved litigation claims may also be found in *In re Mickey's Enter. 's, Inc.,* 165 B.R. 188 (Bankr. W.D. Tex. 1994). *Mickey's Enterprises* is oft-cited for the operation of the majority view that the reservation of rights language must be express and specific. In *Mickey's,* a debtor commenced a post-confirmation preference action against a defendant-creditor after the

bar date for filing claims had passed. The disclosure statement and reorganization plan

each contained a general retention clause with regard to preferences, which provided:

> All causes of action...are preserved and retained for enforcement by the
> reorganized debtor whether or not commenced prior to the effective date.
> The causes of action retained include, without limitation: ...(ii) all
> preference claims pursuant to §546 of the Bankruptcy Code....

*Id.* at 191. The defendant-creditor, who had not filed a proof of claim, argued that the

action was barred by confirmation of the debtor's plan under the doctrine of res judicata.

*Id.* at 192. In response, the debtor argued that the defense of res judicata was not

available because the defendant's claim was not specifically treated in the plan, and

therefore res judicata did not apply. The bankruptcy court found that the reason the

defendant had not filed a proof of claim was because the debtor's statement of financial

affairs, disclosure statement and plan failed to adequately disclose any potential claims or

causes of action against the defendant. *Id.* at 193. The documents included only a general

retention clause, which failed to specifically identify any preference causes of action

against the defendant. *Id.* at 193. "[A]ny bankruptcy litigation that the plan proponent is

planning on bringing against a known creditor with known claims who has a right to be

involved in the confirmation process and who can still timely file claims should be fully

disclosed." *Id* at 194. The *Mickey's* court found that the disclosure statement was

inadequate to preserve any claims against the defendant. *Id.* However, the court cautioned

that its ruling did not mean "that as a general rule, [the debtor] must litigate and resolve

all §547 causes of action prior to confirmation or be forever barred. What it does mean,

however, is that a debtor 'must disclose those claims that are likely." *Id.* (quoting

*Westland Oil Dev. Corp. v. MCorp Mgmt. Solutions, Inc.*, 157 B.R. 100, 103 (Bankr. S.D.

Tex. 1993). In summary, it is insufficient to simply to identify the person with the power to bring these actions; rather, it is necessary to go further and disclose the intention to bring the actions and specifically identify the actions. Deborah R. Crabbe, *How Much Specificity Is Required by 11 U.S.C. § 1123(B)(3)(B)?*, AM. BANKR. L.J., May 2004, at 32.

The holding in *Mickey's* has been cited as representative of the majority view and followed by numerous courts including but not limited to:

➢ *D & K Properties Crystal Lake*, 112 F.3d at 260 (holding that post-petition breach-of-contract action barred by res judicata where confirmed plan only contained blanket reservation lacking the specificity needed to reserve cause of action);

➢ *In re Am. Preferred Prescription, Inc.*, 266 B.R. at 279 (holding that general reservation in plan insufficient to escape the res judicata bar);

➢ *In re Huntsville Small Engines, Inc.*, 228 B.R. 9, 13 (Bankr. N.D. Ala. 1998) (finding preference action precluded by plan confirmation under doctrine of res judicata where plan and disclosure statement only contained general reservation clause);

➢ *In re Kelley*, 199 B.R. at 704 (holding that debtors did not properly reserve their rights because the plan and disclosure statement did not mention any specific claims or imminent lawsuits against the lender, but instead provided for full payment of the debt);

> ➢ *In re Holly's Inc.*, 172 B.R. at 546 n. 26 (explaining that creditors might vote differently on a plan that provides for post-confirmation challenges to their claims, and therefore specificity is required). 23-MAY Am. Bankr. Inst. J. 32, 32.

> ➢ *Harstad v. First Am. Bank,* 39 F.3d 898 (8th Cir. 1994).

Perhaps the leading opinion is that of the Eighth Circuit in *Harstad v. First American Bank,* wherein section 1123(b) (3) is viewed "as, at least in part, a notice provision. Creditors have a right to know of any potential causes of action that might enlarge the estate...." *Id.* at 903. But the court did not stop there. It took umbrage at the debtor's disclosure statement which, in its view, included only this statement concerning preferences: "Debtors and the Committee of Unsecured Creditors have not yet completed the analysis of pre-petition preferential transfers subject to avoidance under 11 U.S.C. § 547. Debtors do not know at the present time whether or not there are any avoidable preferential transfers." *Id.* at 901.

The court took exception to the debtors' deficient disclosure, noting that the disclosure statement was filed nearly two and a half years after the petition date. The *Harstad* court found that the inability of the debtors to identify any avoidable transfers in that amount of time was suspect, since "just three months after the Plan was confirmed, the [debtors] evidently had 'completed the analysis of the pre-petition transfers,' because they filed adversary proceedings...." *Id.* In a conclusion that has sweeping ramifications for other cases, the Eighth Circuit held:

> Even if, as the Harstads claim, they gave notice of such claims by indicating in their disclosure statement that the availability of such claims was being investigated, the creditors are entitled to know if the debtors intend to pursue the preferences in post-confirmation actions. Compliance

> with § 1123(b) (3) gives notice of that intent. Only then are creditors in a
> position to seek a share of any such recoveries, contingent though they
> may be, and to have the mechanics of the preference-sharing spelled out in
> the plan.

*Id.* at 903. The Eighth Circuit, perhaps sarcastically, also observed that the debtors could

have retained the power to enforce this claim with "straight forward language" (although

by doing so, the debtors would have had difficult in not alerting creditors to the existence

of specific post-confirmation preference claims).

In *In re Galerie Des Monnaies of Geneva, Ltd.*, the bankruptcy court held that a

debtor could not pursue a preference action post-confirmation because of a failure to

disclose the action in its disclosure statement. 55 B.R. 253, 259 (Bankr.S.D.N.Y. 1985).

The court ruled on the basis of judicial estoppel, rather than discussing the standing of the

debtor to pursue the action. *Id.* at 260. In coming to its conclusion that the statement in

the debtor's disclosure statement, in pertinent part, that "[t]he Debtor's management did

not believe that preferences or fraudulent transfers had occurred," was contrary to the

actions it took on the day the plan was confirmed in filing a preference action, the court

discussed the importance of a disclosure statement. *Id.* at 256. The court characterized a

disclosure statement as "a most important step" in reorganizations, and stressed the

importance that it must include facts informing its creditors of "the financial results of

acceptance or rejection of a plan." *Id.* On appeal before the district court, again the

importance of a disclosure statement was stressed. *In re Galerie Des Monnaies of

Geneva, Ltd.*, 62 B.R. 224, 226 (S.D.N.Y.1986). The district court described a disclosure

statement as "critical" for creditors in determining their vote. *Id.* Additionally, the court

acknowledged that creditors consider avoidance actions and the possible recovery from

such actions in casting their vote. *Id.*   The *Galerie Des Monnaies* court stressed the importance of notice to the creditor body of a debtor's intention to bring a particular action, regardless of whether it was given in a disclosure statement or plan, thereby allowing the creditors the opportunity to reject the plan or object to its implementation.

It is respectfully suggested that the broad language used in the Plan and Disclosure Statement is not sufficient to cloak the Debtors, the Liquidating Trust or the Plaintiff with protection against the principles of res judicata.   A majority of courts that have interpreted broad retention language have concluded that they are wholly insufficient to provide notice to creditors of the possible existence of claims, and inadequate to escape a finding of res judicata.   Notwithstanding this court's prior decision in *Ampace*, mentioned *supra*, Tech Data respectfully suggests that prudential concerns warrant the granting of the Motion and the dismissal of the Complaint.   As the amount sought in the Complaint by the Plaintiff is not insubstantial (the Complaint seeks recovery of transfers totaling $19,176,871.27), it is likely that the progress of this adversary proceeding will entail further review.   When considered thusly, given the pronouncements of so many other courts as discussed above concerning post-confirmation lawsuits, it is curious that such a large preference claim would not merit a specific identifying reservation clause in plan confirmation documents.

<u>POINT II</u>

THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH
RELIEF MAY BE GRANTED: THE DEBTORS HAVE NOT BEEN
ACTUALLY OR SUBSTANTIVELY CONSOLIDATED, AND THE
COMPLAINT FAILS TO IDENTIFY THE TRANSFEROR DEBTOR OR
<u>OTHERWISE SATISFY THE PLAINTIFF'S PLEADING OBLIGATIONS</u>

As set forth in the Complaint in paragraph seven, the Debtor's estates were ordered to be "procedurally consolidated." In the Disclosure Statement and the Plan, it is further specified that the Debtor's estates were to have been deemed "consolidated only for purposes of administering voting, confirmation and distributions under the Plan. No substantive or actual consolidation, merger or legal combination of the Debtor entities shall be effected by the Plan." Plan, p. 18, D.I. #712; Disclosure Statement, pp. 32–3, D.I. #713.

Notwithstanding the lack of a substantive or actual consolidation, the Plaintiff has pleaded his cause of action without regard to the identity of the actual transferor debtor(s). Consequently, Tech Data submits that such pleading is improper, results in the Complaint failing to state a claim upon which relief may be granted, further to Rule 12(b)(6) and Bankruptcy Rule 7012, and otherwise constitutes an impermissible attempt by the Plaintiff to shift his burden of production to the Defendant. Accordingly, the Complaint does not do substantial justice, as is required by Rule 8(f), made applicable herein by operation of Bankruptcy Rule 7008. Tech Data therefore requests that the Complaint be dismissed, or in the alternative, that the Plaintiff be required to submit a more definite statement.

## CONCLUSION

Tech Data Corporation respectfully requests that the Court enter an Order granting the instant Motion and dismissing the Complaint, with prejudice against re-filing.

Dated: February 11, 2005

Respectfully submitted,

DRINKER, BIDDLE & REATH, LLP

/s/ Andrew J. Flame
Andrew J. Flame (DE 4398)
Robert K. Malone
1100 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone:    (302) 467-4200
Facsimile:    (302) 467-4201

And

ADORNO & YOSS, LLP
Charles M. Tatelbaum
Stephen C. Hunt
350 E. Las Olas Blvd., Ste. 1700
Fort Lauderdale, FL 33301
Telephone:    (954) 763-1200
Facsimile:    954-766-7800

Attorneys for Defendant and Movant,
Tech Data Corporation