IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BRIDGEPORT HOLDINGS, INC., et al. | ) | Case No. 03-12825 (PJW) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

---

| | | |
|---|---|---|
| KEITH F. COOPER, as Liquidating Trustee | ) | |
| of the Bridgeport Holdings Inc. | ) | |
| Liquidating Trust | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 05-50064 (PJW) |
| | ) | |
| TECH DATA CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS

MORRIS, NICHOLS, ARSHT & TUNNELL
William H. Sudell, Jr. (No. 0463)
Daniel B. Butz (No. 4227)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
   Attorneys for Plaintiff, Keith F. Cooper, as
   Liquidating Trustee of the Bridgeport Holdings,
   Inc. Liquidating Trust

OF COUNSEL:

AKIN GUMP STRAUSS HAUER & FELD LLP
S. Margie Venus
Matthew S. Okin
Katy Gottsponer
1111 Louisiana Street, 44th Floor
Houston, TX 77002
Phone: (713) 220-5800

March 7, 2005

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS ........................................................................... i

PRELIMINARY STATEMENT ............................................................... 1

FACTUAL BACKGROUND ..................................................................... 3

RESPONSE TO DEFENDANT'S ARGUMENTS ................................... 4

      A.   The Plan and Confirmation Order Expressly Retained Bankruptcy Court Jurisdiction Over the Complaint and All Claims Asserted Therein. ......... 4

      B.   The Claims Asserted by Plaintiff in the Complaint Were Not Barred, Discharged, Released or Waived by Virtue of Confirmation of the Plan. ......... 8

      C.   Plaintiff's Complaint Satisfies the Pleading Requirements of Federal Rules 12(b)(6) and 8(a), and Further Specification as to Identity of Individual Debtors is Unnecessary. ......... 13

      D.   Alternatively, Should the Court Determine that Plaintiff's Complaint is Insufficient, Plaintiff Seeks Leave to Amend. ......... 22

CONCLUSION ........................................................................................... 24

## TABLE OF CITATIONS

Page(s)

Cases

*Alary Corp. v. Sims (In re Associated Vintage Group, Inc.),*
    283 B.R 549 (B.A.P. 9th Cir. 2003) ....... 6

*Alexander v. Fujitsu Business Communications Sys., Inc.,*
    818 F. Supp. 462 (D. N.H. 1993) ....... 23

*Apex Automotive Warehouse, L.P. v. WSR Corp. (In re Apex*
    *Automotive Warehouse, L.P.),*
    205 B.R. 547 (N.D.Ill. 1997) ....... 23

*Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.),*
    372 F.3d 154 (3d Cir. 2004) ....... 4

*Browning v. Levy,*
    283 F.3d 761 (6th Cir. 2002) ....... 7

*City of Pittsburgh v. West Penn Power Co.,*
    147 F.3d 256 (3d Cir. 1998) ....... 14

*Claybrook v. Southwestern Bell Telephone Co.,*
    2002 Bankr. LEXIS 1725 *4 (Bankr. D.Del. 2002)(Walsh, J.) ....... 14, 16

*D&K Properties Crystal Lake v. Mutual Life Ins. Co. of New York,*
    1996 WL 224517 (N.D.Ill. 1996) ....... 6, 12

*Davis v. Scherer,*
    468 U.S. 183 (1984) ....... 14

*Doe v. U.S.,*
    58 F.3d 494 (9th Cir. 1995) ....... 22

*Domino Sugar Corp. v. Sugar Workers Local Union 392 of the*
    *United Food & Commercial Workers Int'l Union,*
    10 F.3d 1064 n.1 (4th Cir. 1993) ....... 22

*DuVoisin v. East Tenn. Equity (In re Southern Indus. Banking Corp.),*
    59 B.R. 638 (Bankr. E.D.Tenn. 1986) ....... 9

*Edwards v. City of Goldsboro,*
    178 F.3d 231 (4th Cir. 1999) ....... 13

*EXDS, Inc. v. Ernst & Young, LLP (In re EXDS, Inc.)*,
    316 B.R. 817 (Bankr. D.Del. 2004)      4, 5

*Family Golf Centers, Inc. v. Acushnet Co. (In re Randall's Island*
    *Family Golf Centers, Inc.)*,
    290 B.R. 55 (Bankr. S.D.N.Y. 2003)      15, 18, 19, 20

*Foman v. Davis*,
    371 U.S. 178      22, 23

*Goldin Assocs. v. Donaldson, Lufkin & Jenrette Securities Corp.*,
    2004 WL 1119652 (S.D.N.Y. 2004)      7

*Harstad v. First American Bank*,
    39 F.3d 898 (8th Cir. 1994)      9

*Hospital and University Property Damage Claimants v. Johns-*
    *Manville Corp. (In re Johns-Manville Corp.)*,
    7 F.3d 32 (2d Cir. 1993)      4

*Ice Cream Liquidation, Inc. v. Calip Dairies, Inc. (In re Ice Cream*
    *Liquidation, Inc.)*,
    319 B.R. 324 (Bankr. D.Conn. 2005)      18, 20, 21

*In re Am. Preferred Prescription, Inc.*,
    266 B.R. 273 (E.D.N.Y. 2000)      12

*In re Ampace*,
    279 B.R. 145 (Bankr. D.Del. 2002)      6, 11, 12

*In re Kelley*,
    199 B.R. 698 (9th Cir. 1996)      7, 12, 23

*In re Webvan Group, Inc.*,
    2004 Bankr. LEXIS 270, *8 (Bankr. D. Del 2004) (Case, J.)      22

*Jordan v. Fox, Rothschild, O'Brien & Frankel*,
    20 F.3d 1250 (3d Cir. 1994)      14

*Kmart Corp. v. Intercraft Co. (In re Kmart Corp.)*,
    310 B.R. 107 (Bankr. N.D.Ill. 2004)      10

*Neilson v. Cor Karaffa (In re Webvan Group, Inc.)*,
    2004 Bankr. LEXIS 270 *5 (Bankr. D.Del. 2004)(Case, J.)      18

*Official Committee of Unsecured Creditors of the IT Group v.*
    *Brandywine Apartments (In re The IT Group)*,
    313 B.R. 370 (Bankr. D. Del. 2004)(Lindsey, J.)      17, 19, 20, 21

*P.A. Bergner & Co. v. Bank One, Milwaukee, N.A.*,
    140 F.3d 1111 (7th Cir.), cert. denied, 525 U.S. 964, 119 S.
    Ct. 409 (1998)                                                    10

*Pardo v. Gonzaba (In re APF Co.)*,
    308 B.R. 183 (Bankr. D.Del.2004)(Walsh, J.)                      13

*Peltz v. Worldnet Corp. (In re USN Communications, Inc.)*,
    280 B.R. 573 (Bankr. D. Del. 2002)                               10

*Rogin v. Bensalem Township*,
    616 F.2d 680 (3d Cir. 1980)                                      14

*Scheuer v. Rhodes*,
    416 U.S. 232 (1974)                                              14

*Sure-Snap Corp. v. State Street Bank and Trust Co.*,
    948 F.2d 869 (2d Cir. 1991)                                       7

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002)                                              15

*The Elk Horn Coal Co., LLC v. Conveyor Manufacturing &*
    *Supply, Inc. (In re Pen Holdings, Inc.)*,
    316 B.R. 495, 503-04 (Bankr. M.D.Tenn. 2004)                     11

*TWA Inc Post Confirmation Estate v. Marsh USA, Inc. (In re TWA*
    *Inc. Post Confirmation Estate)*,
    305 B.R. 228, *4 (Bankr. D.Del. 2004)(Walsh, J)                  22

*Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.)*,
    288 B.R. 189 (Bankr. D. Del. 2003)(Walsh, J.)               17, 18, 21

*Willis v. Collins*,
    989 F.2d 187 (5th Cir. 1993)                                    23

Other Authorities

Fed. R. Civ. P. 8(a)                                                 15

Fed. Rule Civ. Proc. 15                                              22

Plaintiff, Keith F. Cooper, as Liquidating Trustee of Bridgeport Holdings, Inc. Liquidating Trust ("Plaintiff"), by and through undersigned counsel, respectfully submits this Response in Opposition to the Motion to Dismiss ("Motion") filed by Defendant Tech Data Corporation ("Tech Data" or "Defendant") dated February 14, 2005.

## PRELIMINARY STATEMENT

The Defendant's Motion fails to provide facts and authority warranting dismissal of the Plaintiff's Complaint to Avoid Certain Transfers, To Recover Property and for Related Relief (the "Complaint"). The Motion should therefore be denied.

Defendant's assertion that Plaintiff's claims were not preserved and are barred by res judicata is not supported by the facts or applicable case law. The Plan (defined below) and the Court's order confirming the Plan specifically reserved and assigned the Liquidating Trust all causes of action under Chapter 5 of the Bankruptcy Code. Res judicata, therefore, does not apply in this case.

The Motion must also be denied on its second ground, alleging that Plaintiff must plead its claim with more specificity. The Motion ignores established authority holding that a plaintiff pursuing a preference action is *not* required to satisfy a heightened pleading standard. Having inherited the books and records from previously liquidated Debtors, the Plaintiff, a liquidating trustee, should not be required or expected, at such an early stage in the litigation, to be able to provide more than basic facts sufficient to put the Defendant on notice as to the nature of the claims against it. The Plaintiff has met the requirements of the Federal Rules of Civil Procedure by providing

2.

the Defendant with fair notice of the subject transfers and the basis for the avoidance action.

## FACTUAL BACKGROUND

On September 10, 2003 (the "Petition Date"), Bridgeport Holdings Inc. and its domestic affiliates (the "Debtors" ) filed separate voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

On July 27, 2004, the Official Committee of Unsecured Creditors of the Debtors filed its proposed First Amended Plan of Distribution for Bridgeport Holdings Inc. and its Debtor Affiliates (the "Plan").

On September 24, 2004, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order"), and on October 14, 2004, the Plan became effective (the "Effective Date"). Pursuant to the terms of the Plan and the Confirmation Order, the Trustee, on behalf of all of the beneficiaries of the Liquidating Trust, is the designated representative of the Debtors' estates with respect to, and has been assigned, all causes of action arising under sections 542, 543, 544, 547 through 551, and 553 of the Bankruptcy Code.

On January 13, 2005, Plaintiff filed the Complaint against Tech Data seeking to avoid and recover preferential payments made to the Defendants by the Debtors during the preference period, pursuant to section 547 of the Bankruptcy Code.

On February 14, 2005, Tech Data filed the Motion seeking to dismiss the Complaint.

## RESPONSE TO DEFENDANT'S ARGUMENTS

A.    The Plan and Confirmation Order Expressly
Retained Bankruptcy Court Jurisdiction Over the
Complaint and All Claims Asserted Therein.

A "bankruptcy court retains post-confirmation jurisdiction in chapter 11 proceeding only to the extent provided in a plan of reorganization" and, therefore, the bankruptcy court's post-confirmation jurisdiction "is defined by reference to the Plan." *Hospital and University Property Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 7 F.3d 32, 34 (2d Cir. 1993). *See also, Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 161 (3d Cir. 2004)(retention of jurisdiction provisions will be given effect); and *EXDS, Inc. v. Ernst & Young, LLP (In re EXDS, Inc.)*, 316 B.R. 817 (Bankr. D.Del. 2004)(bankruptcy court determined that Third Circuit law clearly establishes that the proper court to hear and decide a res judicata defense is the court that issued the order to which the res judicata defense relates).

In its Confirmation Order, the Court specifically retained jurisdiction "over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including among other things, jurisdiction over matters set forth in Article XI of the Plan, which provisions are incorporated herein by reference." Confirmation Order at ¶29.

Article XI of the Plan, entitled "Retention of Jurisdiction," provides that "the Bankruptcy Court shall retain exclusive jurisdiction" over all matters arising out of the Chapter 11 Cases and the Plan, including jurisdiction to: "[h]ear and determine all matters related to Causes of Action brought by the Liquidating Trust." Plan at Art. XI, O.

The Plan defines "Causes of Action" as "any and all claims, rights and causes of action that have been or could have been brought by or on behalf of the Debtors arising before, on or after the Commencement Date, known or unknown, in contract or in tort, in law or in equity or under any theory of law, including, but not limited to any and all claims, rights and causes of action the Debtors or the Estates may have against any Person arising under chapter 5 of the Bankruptcy Code, or any similar provision of state law or any other law, rule, regulation, decree, order, statute or otherwise, *including but not limited to fraudulent transfer and preference actions.*" Plan at 1.15 (emphasis added).

Additionally, Article XI of the Plan provides that "the Bankruptcy Court shall retain exclusive jurisdiction" over all matters arising out of the Chapter 11 Cases and the Plan, including jurisdiction to: "[h]ear and determine any and all adversary proceedings, motions, applications, and contested or litigated matters arising out of, under, or related to, the Chapter 11 Cases; ... [r]ecover all assets of the Debtors and property of the Debtors' Estates, wherever located; ... [h]ear and determine all matters related to (a) the property of the Estate(s) from and after the Confirmation Date... (c) the activities of the Liquidating Trustee and the Liquidating Trust, including but not limited to: (i) challenges to the Liquidating Trustee's activities...." Plan at Art. XI.

Third Circuit courts recognize that general language in a plan of reorganization or disclosure statement which sets forth that certain types of claims are retained for post-confirmation litigation is sufficient to retain jurisdiction over a broad range of issues and causes of action arising out of a debtor's chapter 11 proceedings and plan of reorganization. *See EXDS, Inc. v. Ernst & Young, LLP (In re EXDS, Inc.),* 316 B.R. 817 (Bankr. D.Del. 2004)("To require a debtor to conjure up and list every

imaginable cause of action would unduly complicate the reorganization process and would be unrealistic."); and *In re Ampace*, 279 B.R. 145 (Bankr. D.Del. 2002)(holding that chapter 11 trustee's avoidance action against creditor was adequately preserved, even though the disclosure statement only contained a general reservation of "avoidance actions"). *See also, Alary Corp. v. Sims (In re Associated Vintage Group, Inc.)*, 283 B.R 549 (B.A.P. 9th Cir. 2003) ("We agree with the other courts that regard it as impractical and unnecessary to expect that a disclosure statement and plan must list each and every possible defendant and each and every possible theory.")

The Plan provides a sufficient description of the retention of jurisdiction by the bankruptcy court in that it expressly provides that the Bankruptcy Court retains jurisdiction over "Causes of Action," defined to specifically include actions arising under "chapter 5 of the Bankruptcy Code," including "preference actions." Plan at Art.XI, O and 1.115. This express reservation of jurisdiction over avoidance actions, by definition, includes the preference action plead in the Complaint.

The cases cited by Tech Data in support of its argument that *res judicata* bars post-confirmation pursuit of a claim in the context of a general retention provision are distinguishable from the facts before the Court.  The cases cited in the Motion involved parties' attempts to rely upon plan provisions drafted too generally to implicate the claim at issue, and certainly more generally than the provisions of the Debtors' Plan and the Court's Confirmation Order:

- *D&K Properties Crystal Lake v. Mutual Life Ins. Co. of New York*, 1996 WL 224517 (N.D.Ill. 1996).  The plan provision in *D&K Properties* merely provided that the "Disbursing Agent, on behalf of the Debtor and the Estate shall enforce all causes of action existing in favor of the Debtor and the Debtor in Possession."  The court determined that the breach of contract claim and tortuous interference claims asserted post-petition were barred under res judicata because the phrase "all causes of

action existing in favor of the Debtor and Debtor in Possession" did not sufficiently describe the actions reserved for post-confirmation determination.

- *Goldin Assocs. v. Donaldson, Lufkin & Jenrette Securities Corp.*, 2004 WL 1119652 (S.D.N.Y. 2004). The debtor's plan included a vague retention clause which preserved "all claims, rights, defenses, offsets, recoupments, causes of action, actions in equity, or otherwise, whether arising under the Bankruptcy Code or federal, state or common law, which constitute property of the Estates...." Although the plan alone was insufficient to preserve the debtor's claim, the retention language provided in the debtor's disclosure statement, which referenced claims against the defendants by name, was sufficient to preserve the debtor's claim.

- *In re Kelley*, 199 B.R. 698 (9th Cir. 1996). The debtor's plan simply provided that within 30 days of confirmation of the plan, "debtors shall initiate adversary proceedings to contest the amount, allowability, priority and/or secured status of any claims which the debtors believe are not proper." The debtor's disclosure statement also included vague references to potential claims against the defendants, but did not set forth the basis for those "potential claims." Therefore, the court held that the general retention provision in the plan and vague retention provision in the disclosure statement, neither of which described the basis for the claim, failed to preserve the debtor's claim at issue before the court.

- *Sure-Snap Corp. v. State Street Bank and Trust Co.*, 948 F.2d 869 (2d Cir. 1991). In *Sure-Snap*, the parties attempted to base retention of cause of action upon a short conversation on the record between the judge and counsel, during the hearing for debtor's motion to modify the confirmed plan. In the absence of any express written retention provision in the confirmed plan, the *Sure-Snap* court held that the "judge's colloquy" was not dispositive of the debtor's allegedly reserved right.

- *Browning v. Levy*, 283 F.3d 761 (6th Cir. 2002). In *Browning,* the court found that the debtor's disclosure statement did not preserve debtor's pursuit of a pre-petition legal malpractice claim because debtor's disclosure statement had only provided for retention of "rights and causes of action that the Debtor or its bankruptcy estate may hold against any person or entity, including, without limitation, claims and causes of action arising under section 542, 543, 544, 547, 548, 550 or 553 of the Bankruptcy Code." The retention provision was drafted to include claims arising under chapter 5 of the Bankruptcy Code, but failed to reference the debtor's legal malpractice claim at issue which arose pre-petition.

Thus, the cases cited by Tech Data are distinguishable from the facts before the Court. The Confirmation Order approved the Bankruptcy Court's retention of jurisdiction with specific reference to Article XI of the Plan. The language of Article XI and incorporated definitions clearly retain jurisdiction of the Bankruptcy Court over the

8.

Debtors' avoidance actions, including preference actions.    Further, the Disclosure Statement for Official Committee of Unsecured Creditors' First Amended Plan of Distribution for Bridgeport Holdings Inc. and It's Debtor Affiliates (the "Disclosure Statement") contained a specific description of the types of causes of action being retained including a two paragraph discussion entitled "Preference and other Causes of Action." Disclosure Statement at VI.J.2.[1]  The Complaint filed by the Plaintiff against the Defendant and the claims asserted therein against Tech Data are properly before the Bankruptcy Court and retained by virtue of the Plan.  There is no basis, therefore, upon which to dismiss the Complaint for lack of jurisdiction.

B.    The Claims Asserted by Plaintiff in the Complaint Were Not Barred, Discharged, Released or Waived by Virtue of Confirmation of the Plan.

Tech Data inaccurately asserts in the Motion that the prosecution of avoidance claims held by the Plaintiff against Tech Data are discharged, released and barred under the doctrine of res judicata by virtue of confirmation of the Plan, because

---

[1]    The Disclosure Statement sets out in detail the nature of the potential claims.  It states: "Pursuant to the Bankruptcy Code, a debtor may seek to recover, through adversary proceedings in the bankruptcy court, certain transfers of the debtor's property, including payments of cash, made while the debtor was insolvent during the ninety (90) days immediately prior to the commencement of the bankruptcy case...in respect of antecedent debts to the extent the transferee received more than it would have received on account of such pre-existing debt had the debtor been liquidated under Chapter 7 of the Bankruptcy Code...." The Disclosure Statement then sets out potential defenses to a preference claim and notes that a defendant paying a preference back to the estate is entitled to a general unsecured claim in that amount.  Finally, the Disclosure Statement notes: "Under the Plan, all Causes of Action will be preserved including preference claims and all other claims under Chapter 5 of the Bankruptcy Code.  The extent of recoveries from such claims is uncertain and speculative in nature." Disclosure Statement at VI.J.2.

the Plan did not specifically identify the avoidance action to be brought against Tech Data or preserve the right to pursue the avoidance action against Tech Data.

Not only do the Plan and Disclosure Statement specifically retain Bankruptcy Court jurisdiction over the claims asserted against Tech Data in the Complaint, but in confirming the Plan, the Bankruptcy Court approved and authorized the Plaintiff to pursue the claims asserted in the Complaint against Tech Data. The Confirmation Order provides that "the Liquidating Trust shall be designated representative of the estates with respect to, and shall be assigned, all Causes of Action arising under sections 542, 543, 544, 547 through 551, and 553 of the Bankruptcy Code including fraudulent transfer law under federal and state statutes and common law...." Confirmation Order at ¶ 24.

Section 1123(b) of the Bankruptcy Code expansively describes "any such claim or interest" as appropriate for reservation under the plan, and this reflects a clear "legislative intent to liberalize, rather than to constrict, the scope of the provision." *DuVoisin v. East Tenn. Equity (In re Southern Indus. Banking Corp.),* 59 B.R. 638, 642 (Bankr. E.D.Tenn. 1986). Preservation of a debtor's causes of action for the benefit of creditors was the goal of the liberalization of the language in section 1123. *In re Southern Indus. Banking Corp.,* 59 B.R. at 642 *(referencing Harstad v. First American Bank,* 39 F.3d 898, 902 (8th Cir. 1994) ("Creditors have the right to know of any potential causes of action that might enlarge the estate. . . . Creditors are entitled to know if the debtor

intends to pursue the preferences in post-confirmation actions. Compliance with §1123(b)(3) gives notice of that intent.")).[2]

Courts that have addressed the need for "specific" and "unequivocal" language have focused on the requirement that plans unequivocally retain claims of a given type, *not* on any rule that individual claims must be listed specifically. In *P.A. Bergner & Co. v. Bank One, Milwaukee, N.A.*, 140 F.3d 1111 (7th Cir.), cert. denied, 525 U.S. 964, 119 S. Ct. 409 (1998). *See also, Peltz v. Worldnet Corp. (In re USN Communications, Inc.),* 280 B.R. 573 (Bankr. D. Del. 2002) (bankruptcy court held that a plan provision which set forth that "the Liquidating Trust will have the exclusive right to enforce any and all causes of action . . . including . . . all avoidance powers pursuant to Section[] . . . 547[,]" was sufficient to preserve preference actions under section 1123(b)(3*)); Kmart Corp. v. Intercraft Co. (In re Kmart Corp.),* 310 B.R. 107, 120-24 (Bankr. N.D.Ill. 2004)(court determined that plan provisions which identify causes of action by type or category are "not mere blanket reservations" and held that such a "categorical retention provision" effectively avoided the res judicata bar and "provided all the notice to which Defendants (as creditors) were entitled, under section 1123(b)(3)(B), concerning preservation of the instant preference actions."); *The Elk Horn Coal Co., LLC v. Conveyor Manufacturing & Supply, Inc. (In re Pen Holdings,*

---

[2]    Moreover, the disclosure and notice afforded by a section 1123(b)(3) retention provision is "directed towards the estate's creditors, not the potential defendants on the reserved claims." *Kmart Corp. v. Intercraft Co. (In re Kmart Corp.),* 310 B.R. 107, 120 (Bankr. N.D. Ill. 2004) (citing *In re Goodman Bros. Steel Drum Co.,* 247 B.R. 604, 608 (Bankr. E.D.N.Y. 2000)(noting that under Bankruptcy Rule 3017, unless the potential preference defendants are also creditors, they are not entitled to notice of the plan confirmation hearing or to receive copies of the plan and disclosure statement)). Tech Data is not a creditor of the Debtors' estates.

*Inc.),* 316 B.R. 495, 503-04 (Bankr. M.D.Tenn. 2004)(holding that plan provision that "defines Avoidance Actions to include 'all preference claims under Section 547'" and "expressly includes Avoidance Actions as retained causes of action that may be pursued by the Reorganized Debtor," and the disclosure statement provision which "includes Avoidance Actions in the description of 'Other Assets' preserved the preference actions under section 547 of the Bankruptcy Code).

The court in *Ampace* held that the doctrine of *res judicata* would not bar an avoidance action filed after confirmation of a plan which provided for retention or assignment of such avoidance actions. *In re Ampace,* 279 B.R. 145 (Bankr. D.Del. 2002) (Walsh, J.). The court set out three factors that must be present in order for *res judicata* to apply: (1) a final judgment on the merits; (2) the presence of the same parties or their privies; and (3) a subsequent suit based on the same cause of action. *Id.* at 154. The court further held that the action before the court, an adversary proceeding seeking avoidance of transfers pursuant to sections 547 and 550, and the confirmation proceeding did "not involve the same cause of action and therefore, the doctrine of res judicata does not apply." *Id.* at 155. The court concluded that although both actions may share some facts in common in that they both arose out of the defendant's pre-petition business relationship with the debtors, the "factual underpinnings" and "theory of" an avoidance action are completely different than a determination on the allowability of a creditor's claim. *Id.* As such, the *Ampace* court held that the avoidance action before it involved an entirely different cause of action than the prior confirmation hearing and therefore, res judicata was not an applicable defense.

Even if the action before the court involved the same cause of action as the prior proceeding, most courts hold that even where there is an identity of claims, where a disclosure statement and/or plan of reorganization expressly reserves an action for later adjudication, *res judicata* does not apply. *In re Ampace,* 279 B.R. at 156. *See also, D&K Prop. Crystal Lake v. Mutual Life Ins. Co. of New York,* 112 F.3d 257, 259-60 (7th Cir. 1997)("*res judicata* does not apply when a cause of action has been expressly reserved for later adjudication"); *In re Kelley,* 199 B.R. at 704 ("If a confirmed plan expressly reserves the right to litigate a specific cause of action after confirmation, then *res judicata* does not apply."); *In re Am. Preferred Prescription, Inc.,* 266 B.R. 273, 277 (E.D.N.Y. 2000) ("The case law, however, recognizes an exception to the *res judicata* bar where the debtor has reserved the right to object to claims in a plan.").

The claims asserted against Tech Data in the Complaint arise under section 547 and 550 of the Bankruptcy Code. The Court approved the Plan and related Disclosure Statement, which expressly reserved the Liquidating Trustee's right to pursue these avoidance actions in the Confirmation Order. Further, Tech Data is not a creditor of the Debtors' estates, as such there is no identity of parties, because Tech Data was not a party in interest to the Confirmation Order. Therefore, the claims asserted against Tech Data in the Complaint are not barred under the doctrine of *res judicata,* because they do not involve the same parties and they were expressly reserved for alternative adjudication. The Plaintiff's pursuit of these claims against the Defendant is proper and was clearly authorized by the Court pursuant to the Confirmation Order.

Finally, the Court specifically found that "entry of a Confirmation Order shall not constitute a waiver or release by the Debtors or their Estates of any Cause of

Action except as expressly provided for by the Plan." Confirmation Order at ¶24. The

Plan expressly does not waive the claims asserted in the Complaint, and, thus, the

Debtors claims against Tech Data were assigned to the Liquidating Trustee upon the

Effective Date of the Plan. Accordingly, the Debtors' claims against Tech Data were not

discharged, released or waived by the Debtors.

> C.     Plaintiff's Complaint Satisfies the Pleading
>        Requirements of Federal Rules 12(b)(6) and 8(a),
>        and Further Specification as to Identity of
>        Individual Debtors is Unnecessary.

Tech Data incorrectly asserts in the Motion that the Plaintiff has failed to

state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure (the "Federal Rules") and Rule 7012 of the Bankruptcy Rules of

Procedure (the "Bankruptcy Rules"), because Plaintiff did not identify the individual

debtor transferor for each of the avoidable transfers. Tech Data, however, has failed to

cite any authority in support of a dismissal based upon such an allegation or acknowledge

any of the cases where courts have specifically held that a plaintiff is not required to meet

a heightened pleading standard beyond the requirements of the Federal Rules.

> 1.     Plaintiff's Complaint Provided Defendant
>        with Fair Notice of the Basis for the Claims.

In order to prevail on a motion to dismiss pursuant to Federal Rule

12(b)(6), the movant must conclusively establish that there is no set of facts upon which

the plaintiff could recover on its claim. *Pardo v. Gonzaba (In re APF Co.)*, 308 B.R. 183,

186 (Bankr. D.Del.2004)(Walsh, J.)(*citing Morse v. Lower Merion School Dist.*, 132 F.3d

902, 906 (3$^{d}$ Cir. 1997)); *see also, Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th

Cir. 1999)(a Federal Rule 12(b)(6) motion should only be granted if "it appears certain

that plaintiff cannot prove any set of facts in support of his claim entitling him to relief"). In evaluating the sufficiency of the complaint for the purposes of Rule 12(b)(6), the Court must accept as true all allegations contained therein and construe all inferences in the light most favorable to the Plaintiff. *Rogin v. Bensalem Township*, 616 F.2d 680, 685 (3d Cir. 1980).

In determining whether a claim should be dismissed pursuant to Federal Rule 12(b)(6), "the Court may look only to the allegations contained in the complaint and any exhibits attached thereto." *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). Further, the issue for the court is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support its claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

The Complaint and attached exhibits provide a sufficient basis to permit the Plaintiff to offer evidence in support of his claims in order to prove facts necessary to warrant the requested relief.

The Federal Rules do not require a plaintiff to set out detailed facts to support its claims, requiring only a "short and plain statement of the claims that provides the defendant with fair notice of the nature thereof and the grounds upon which they rest." *Claybrook v. Southwestern Bell Telephone Co.*, 2002 Bankr. LEXIS 1725 *4 (Bankr. D.Del. 2002)(Walsh, J.)(*citing Conley v. Gibson,* 355 U.S. 41, 47 (1957)(a complaint need not be pled with specificity since the Federal Rules of Civil Procedure require a notice pleading, which according to Rule 8(a)(2) is a "short and plain

statement," of the claims "that will give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests")).

Federal Rule 8, incorporated by Bankruptcy Rule 7008, provides that "[a]

pleading which sets forth a claim for relief, whether an original claim, counterclaim,

cross-claim, or third-party claim, shall contain (1) a short and plain statement of the

grounds upon which the court's jurisdiction depends…, (2) a short and plain statement of

the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for

the relief the pleader seeks." Fed. R. Civ. P. 8(a).  This "simplified notice" standard of

pleading requires only that the plaintiff give the defendant "fair notice of the basis" for

the claim. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002).  Federal Rule 8(a) "is

designed to permit the defendant to have a fair understanding of what the plaintiff is

complaining about and to know whether there is a legal basis for recovery." *Family Golf*

*Centers, Inc. v. Acushnet Co. (In re Randall's Island Family Golf Centers, Inc.),* 290 B.R.

55, 63 (Bankr. S.D.N.Y. 2003) (*citing Ricciuti v. New York City Transit Authority,* 941

F.2d 119, 123 (2$^{d}$ Cir. 1991)).

Indeed, the Complaint provided the Defendant fair notice of the basis for

the claims asserted with not only a short and plain statement of the claim showing that the

Plaintiff is entitled to relief, but the Complaint also included a detailed schedule that

described all preferential payments made to the Defendant and the respective invoices

upon which these claims were based.  Attached to the Complaint as Exhibit A, this

schedule clearly set forth for the Defendant: (i) the invoice date; (ii) the date that each

check paid to the Defendant cleared; (iii) each check number; (iv) the dollar amounts paid

or credited to the Defendant by each check; (v) the name of the Defendant; and (vi) the name of the Debtors.

In *Southwestern Bell*, the bankruptcy court held that the complaint "standing alone, must be sufficient to satisfy pleading requirements of Fed. R. Bankr. P. 7008." *Claybrook v. Southwestern Bell Telephone Co.,* 2002 Bankr. LEXIS 1725 at *5 (granting the defendant's motion to dismiss, subject to the right of plaintiff to file an amended pleading, because plaintiff's complaint merely cited the statutory language of sections 547 and 550 of the Bankruptcy Code, without providing any specific information describing the subject transfers). Unlike the plaintiff in *Southwestern Bell* that attempted to cure its deficient complaint with additional substantive information, Plaintiff's Complaint provided the Defendant with a detailed schedule of information forming a basis for the claims asserted pursuant to section 547 of the Bankruptcy Code, including check numbers and date the check cleared, dates of related invoices, amounts paid, and names of the parties involved in each transaction.

Further, the Plaintiff has pled sufficient facts in the Complaint to put the Defendant on notice of precisely which transfers are at issue by virtue of the attached detailed schedule of checks and invoices, which specifically identifies each transfer. The Debtors conducted prepetition business transactions with the Defendant under one name, "Micro Warehouse" rather than under each individual Debtor's name. The Defendant sent all invoices to "Micro Warehouse" and received payments on account of such invoices from "Micro Warehouse." Furthermore, the Defendant shipped all goods and provided all services to "Micro Warehouse." Thus, the Plaintiff's Complaint accurately described the actual transfers made to the Defendant by the Debtors without having to

trace the delivery of goods or internal credit account to one specific Debtor entity. The Plaintiff, therefore, has pled sufficient facts in the Complaint to put the Defendant on notice of the specific transfers at issue without having to name the specific Debtor that made the transfer.[3]

2.   Pleading with Further Specificity is Neither
     Necessary or Warranted.

The Motion incorrectly asserts that the Plaintiff has plead his cause of action without regard to the identity of the actual transferor debtor and, therefore, the Complaint is insufficient pursuant to Federal Rule 8(f) and 12(b)(6).

Courts have held that a plaintiff pursuing a preference action is not required to plead this cause of action with any further, or heightened specificity than is required under the simple notice pleading standard established by the Federal Rules. *See Official Committee of Unsecured Creditors of the IT Group v. Brandywine Apartments (In re The IT Group)*, 313 B.R. 370 (Bankr. D. Del. 2004)(Lindsey, J.)(court held that Federal Rule 8 does not require a plaintiff in a preference action to satisfy the heightened pleading standard as set forth in the *In re Valley Media* line of cases and specifically declined to follow the heightened pleading requirement set forth by the court in *Valley Media*.)[4]; *Ice Cream Liquidation, Inc. v. Calip Dairies, Inc. (In re Ice Cream*

---

[3]   Plaintiff does not assert, nor has it previously asserted, that a specific Debtor was the actual Debtor transferor to Tech Data, but rather that the Debtors routinely and uniformly used the name "Micro Warehouse" when executing purchase orders, making payment of invoices and taking delivery of goods with respect to vendors of all of the Debtors.

[4]   In *In re Valley Media, Inc.*, the bankruptcy court required that a complaint to avoid preferential transfers must include: (a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged

(continued . . .)

*Liquidation, Inc.),*, 319 B.R. 324 (Bankr. D.Conn. 2005)(court expressly disagreed with the *Valley Media* holding, concluding that "the Federal Rules of Bankruptcy Procedure do not impose a heightened pleading standard on preference claims, and a preference complaint may provide a defendant with fair notice of the claim despite the lack of information required by *Valley Media.*"); *Neilson v. Cor Karaffa (In re Webvan Group, Inc.),* 2004 Bankr. LEXIS 270 *5 (Bankr. D.Del. 2004)(Case, J.)(The Federal Rules merely require a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[t]hus this Court disagrees with a heightened pleading standard" as set forth in the *Valley Media* case).

Specifically with respect to a complaint in which a plaintiff pleads a preference action on behalf of multiple debtors, the bankruptcy court in *Randall's Island,* found that although the complaint asserted the preference claims on behalf of the "Debtors," without identifying the individual debtor-beneficiary of each transfer, the complaint nevertheless "put the defendants on notice that they were being sued as preferred transferees for all of the payments they had received from Family Golf—the actual payor—during the ninety day period." *In re Randall's Island Family Golf Centers, Inc.,* 290 B.R. at 64. The complaint therefore gave the defendant in *Randall's Island* "fair notice of what the plaintiff's claim is and the grounds upon which it rests."

---

(. . . continued)
preference transfer by (i) date, (ii) name of debtor/ transferor, (iii) name of transferee and (iv) the amount of the transfer. *Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.),* 288 B.R. 189 (Bankr. D. Del. 2003)(Walsh, J.)(*citing Posman v. Bankers Trust Company,* Adv. Pro. No. 97-245 (Bankr. D. Del. July 28, 1999)).

Upon different facts, the court in *Teleglobe Communications Corp.* determined that the complaint, in which the plaintiff alleged payments made by the "Debtors" was insufficient to place defendants on notice of the transfers at issue. *Teleglobe Communications Corp.,* 2004 Bankr. LEXIS 2166, *14-15 (Bankr. D. Del. 2004)(Lindsey, J.). Important distinguishing aspects between *Randall's Island* and *Teleglobe Communications* include the fact that the plaintiff in *Teleglobe Communications* did not name the eleven co-Debtors in the complaint, one of which did not have "Teleglobe" in its name. Further, the confirmation order did not pool the assets of all the *Teleglobe Communications* debtors, nor did it treat claims of the outside creditors as "claims against the common assets," but rather merely jointly administered the cases. *Teleglobe Communications Corp.,* 2004 Bankr. LEXIS 2166 at *17. Thus, based upon the lack of information provided in the complaint, the court determined that the defendants in *Teleglobe Communications* would not be able to ascertain which transfers were at issue because these defendants could not discern which of the eleven co-debtors made each transfer to the defendant.[5]

Similar to the facts in *Randall's Island,* and unlike the facts in *Teleglobe,* the Plaintiff's pleading of the preference action on behalf of the "Debtors" gives Tech Data fair notice of each of the transfers as the basis for the preference action. The Debtors conducted their pre-petition business transactions, including all transfers with the Defendant, using only the "Micro Warehouse" name on all purchase orders, checks,

---

[5]    It is also noteworthy that the *Teleglobe Communications* court did not demand that the plaintiff satisfy a heightened pleading standard beyond the notice pleading requirements of Federal Rule 8, but rather that the plaintiff provide defendants with fair notice of the claim and basis upon which it rests, such as in *In re The IT Group,* 313 B.R. 370.

invoices and receipt of deliveries. Thus, the Plaintiff has given Defendant adequate notice to enable the Defendant to identify the transfers at issue and mount a defense to all transfers that the Defendant received from "Micro Warehouse." Similar to the plaintiff in *Randall's Island*, the Complaint provides Defendant with sufficient, accurate and detailed information from which to discern the precise transfers at issue. Thus, the Plaintiff has provided information sufficient to satisfy the notice pleading requirement of Federal Rule 8.

The Confirmation Order recognized this consolidated nature of the Debtors' prepetition business transactions, and determined that for purposes of the Plan, distributions pursuant to the Plan and all transactions contemplated by the Plan, all of the Debtors' assets and liabilities "shall be treated as though they were merged." *See* Confirmation Order at ¶12. In the Confirmation Order, the court expressly provided that "any obligation of any Debtor and all guarantees thereof" and "any Claims filed or to be filed in connection with any such obligation and such guarantees" shall be deemed to be "one obligation of the consolidated Debtors" and "one Claim against the consolidated Debtors," respectively. *Id.* The Confirmation Order also extinguished all Intercompany Claims, defined in the Plan as any Claim of a Debtor against another Debtor.

The key to the courts' rulings in *The IT Group, Ice Cream Liquidation, Inc,,* and *Randall's Island* is that the plaintiffs pled sufficient facts to put the defendant on notice of which transfer was at issue without having to name the specific debtor that made the transfer. The "liberal pleading rules shift the focus away from motions directed at the pleadings and towards discovery and motions for summary judgment or other dispositions on the merits." *Ice Cream Liquidation, Inc.,* 319 B.R. at 340. Federal Rule

8, which provides special pleading requirements in certain adversary cases before bankruptcy judges, but fails to provide any such additional requirements for preference actions indicates it was intended that the adequacy of pleadings in such actions be judged under the notice pleading standard of Federal Rule 8(a)(2), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *In re The IT Group*, 313 B.R. 373. So long as the defendant is provided "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the complaint should not be dismissed for failure to state a claim. *Id. (citing Conley v. Gibson*, 355 U.S. at 47).

Moreover, the adversary proceeding between Plaintiff and Tech Data is currently at a very early stage, and the Plaintiff, as Liquidating Trustee of the Debtors, may not be able to quickly and accurately plead the specific identity of each Debtor transferor. Courts have held that a plaintiff should not be required to plead with any further specificity than the Federal Rules demand at this early point in the litigation. *See, Ice Cream Liquidation, Inc.*, 319 B.R. at 340 (although "the information identified by *Valley Media* might ultimately be necessary to adjudicate the preference claims, it does not follow that it must be pleaded on pain of dismissal."). While plaintiffs should be encouraged to provide specific information in support of their claims whenever possible, to require them to do so in their initial pleading in all cases, particularly with the specificity demanded by *Valley Media,* is "inappropriate and unnecessarily harsh." *In re The IT Group*, 313 B.R. at 373 ("Further elaboration, if required, may be obtained through the discovery process.").

Given the time constraints of pleading, courts have also been sympathetic to plaintiffs like the Liquidating Trustee, who has inherited books and records from the

Debtors. *See In re Webvan Group, Inc.*, 2004 Bankr. LEXIS 270, *8 (Bankr. D. Del 2004) (Case, J.) ("Although a debtor should provide specific information when available, requiring such information at the pleading stage is a heavy burden given the time constraints for filing preference actions and the condition of the debtor's books and records."). *See also TWA Inc Post Confirmation Estate v. Marsh USA, Inc. (In re TWA Inc. Post Confirmation Estate)*, 305 B.R. 228, *4 (Bankr. D.Del. 2004)(Walsh, J.).

> D.    Alternatively, Should the Court Determine that Plaintiff's Complaint is Insufficient, Plaintiff Seeks Leave to Amend.

In the alternative, should the Court determine that any portion of the Complaint is deficient, the Plaintiff seeks leave to amend the Complaint pursuant to Federal Rule 15, made applicable by Bankruptcy Rule 7015.

Federal Rule 15 provides that a party may amend a pleading only by leave of the court once a responsive pleading has been filed and that "leave shall be freely given when justice so requires." Fed. Rule Civ. Proc. 15(a). *See also, Foman v. Davis*, 371 U.S. 178, 182-83 (1962).

Federal Rule 7, which catalogues "pleadings allowed," makes abundantly clear that a motion, such as Tech Data's Motion seeking dismissal, does not constitute a "responsive pleading." Accordingly, Plaintiff is entitled to amend its pleading "as of right" because Tech Data has not yet filed a responsive pleading in this action. *See Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995) ("Neither the filing nor granting of . . . a motion [to dismiss] before answer terminates the right to amend . . . ."); and *Domino Sugar Corp. v. Sugar Workers Local Union 392 of the United Food & Commercial Workers Int'l Union*, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993) (noting that motion to dismiss is not a

23.

responsive pleading precluding amendment without leave of court). Consequently, Tech Data's Motion itself in no way precludes Plaintiff from amending its Complaint at this preliminary stage. *See, e.g., Apex Automotive Warehouse, L.P. v. WSR Corp. (In re Apex Automotive Warehouse, L.P.)*, 205 B.R. 547, 552 (N.D.Ill. 1997) (noting that under federal civil procedure and bankruptcy procedure rules, amendments may be made as of right); *Kelley v. Framingham UAW Credit Union (In re Kelley)*, 46 B.R. 63, 66 (E.D.Va 1985); *Willis v. Collins*, 989 F.2d 187, 189 (5th Cir. 1993); *Alexander v. Fujitsu Business Communications Sys., Inc.*, 818 F. Supp. 462, 466 (D. N.H. 1993).

Further, Defendants have not demonstrated the presence of facts which would preclude the Plaintiff from amending his Complaint. *Foman v. Davis*, 371 U.S. 178, 182-83 (the *Foman Court* described instances in which leave should not be given: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc."). Therefore, Plaintiffs seek sufficient time to amend the Complaint if the Court finds that any part of the Complaint is insufficient.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss the Complaint or in the alternative, seeks leave with sufficient time to modify and file an amended Complaint.

MORRIS, NICHOL S, ARSHT & TUNNELL

William H. Sudell, Jr. (No. 0463)
Daniel B. Butz (No. 4227)
1201 North Market Street
Wilmington, DE 19899
Phone:  (302) 658-9200
Facsimile:  (302) 658-3989

Attorneys for Plaintiff, Keith F. Cooper, as Liquidating Trustee of the Bridgeport Holdings, Inc. Liquidating Trust

OF COUNSEL:

AKIN GUMP STRAUSS HAUER & FELD LLP
S. Margie Venus
Matthew S. Okin
Katy Gottsponer
1111 Louisiana Street, 44th Floor
Houston, TX 77002
Phone:  (713) 220-5800
Facsimile:  (713) 236-0822

March 7, 2005

454398