## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BRIDGEPORT HOLDINGS, INC., et al., | ) | Case No. 03-12825 (PJW) |
| | ) | |
| Debtors. | ) | |
| ———————————————— | ) | |
| | ) | |
| KEITH F. COOPER, As Liquidating | ) | |
| Trustee Of The Bridgeport Holdings Inc. | ) | |
| Liquidating Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 05-50064 (PJW) |
| | ) | |
| TECH DATA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

Filed March 14, 2005

### DEFENDANT TECH DATA CORPORATION'S REPLY TO
### PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

———————————————————

Andrew J. Flame (DE 4398)          Charles M. Tatelbaum
Howard A. Cohen (DE 4082)          Stephen C. Hunt
1100 N. Market Street              350 E. Las Olas Blvd., Suite 1700
Wilmington, DE  19801             Ft. Lauderdale, FL  33301
Telephone:  (302) 467-4200        Telephone:  (954) 763-1200
Facsimile:  (302) 467-4201        Facsimile:  (954) 766-7800
DRINKER BIDDLE & REATH LLP        ADORNO & YOSS, LLP

*Attorneys for Defendant and Movant*
TECH DATA CORPORATION

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................... (ii)

REPLY TO PLAINTIFF'S ARGUMENTS ..................................................... 1

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*In re Ampace Corp. 279 B.R. 145 (Bankr. D. Del. 2002)*....................................................3, 4

*Eastern Minerals & Chem. Co. v. Mahan, 225 F.3d 330 (3d Cir. 2000)*............................3, 4

### <u>Rule</u>

Federal Rule of Evidence 201..................................................................................................2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BRIDGEPORT HOLDINGS, INC., et al., | ) | Case No. 03-12825 (PJW) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| KEITH F. COOPER, As Liquidating | ) | |
| Trustee Of The Bridgeport Holdings Inc. | ) | |
| Liquidating Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 05-50064 (PJW) |
| | ) | |
| TECH DATA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT TECH DATA CORPORATION'S REPLY
## TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

TECH DATA CORPORATION, the defendant and movant herein ("Tech Data" or the "Defendant"), by and through its undersigned counsel, submits this Reply to Plaintiff's Response to Motion to Dismiss ("Plaintiff's Response") filed by plaintiff Keith F. Cooper (the "Plaintiff") dated March 7, 2005, and respectfully states:

## REPLY TO PLAINTIFF'S ARGUMENTS

Tech Data's Motion to Dismiss is grounded in a straight forward principle that is supported by case law from a majority of jurisdictions that have considered the issue: does res judicata operate as a bar to the prosecution of a preference action when there has not been a specific reservation in a debtor's plan or disclosure statement, or absent some further reservation by way of the related

confirmation order?   Tech Data respectfully maintains that in such circumstances, res judicata operates as a bar.

In its Motion to Dismiss, Tech Data detailed the pertinent facts of this matter from the Court record and requested that the Court take judicial notice of the record in the Court's proceedings, such being permissible by operation of Federal Rule of Evidence 201.   To the extent that this proceeding is barred by operation of res judicata, Tech Data believes that the Court likewise does not have jurisdiction to maintain this adversary proceeding.   Unfortunately, the Plaintiff has construed this argument in a much broader sense that was not argued nor intended by Tech Data. Apparently, the Plaintiff believes that Tech Data objects to this Court having subject matter jurisdiction over preference actions, and that is not at all the case.

Aside from the res judicata argument stated in its Motion to Dismiss, Tech Data does not argue that preference actions generally fall within the "core" jurisdiction of the bankruptcy courts. Indisputably, when a bankruptcy court is requested by a plan proponent to permit a specific reservation of the right to maintain a post-confirmation preference action, the Court retains authority over the Chapter 11 Case and Plan, as well as over all matters arising therefrom.   Tech Data's prime argument in its Motion to Dismiss is simply that of the majority view: that res judicata serves as a bar to the post-confirmation assertion of inadequately preserved causes of action.   In other words, claims not expressly and specifically reserved in the plan are barred by operation of res judicata, and thus effectively removed from its jurisdiction.

In *In re Ampace Corp.*, the bankruptcy court concluded that three factors must be present in order for the doctrine of res judicata to apply.   279 B.R. 145, 154 (Bankr.D.Del. 2002).   First, there must have been a final judgment on the merits of the case, by a court of competent jurisdiction. Second, the same parties must be involved in the second matter as were involved in the first.   Third

and last, a court's res judicata inquiry extends to whether the subsequent matter, in this case the avoidance action, is based on essentially the same cause of action.  In relation to the first factor, there can be little argument that this requirement is met, since it has long been recognized that confirmation orders effectively constitute final judgments with respect to the issues upon which they are decided.

As Plaintiff pointed out at length in its Response, some bankruptcy courts have previously tolerated avoidance actions that would otherwise be barred by the normal operation of claim preclusion.  *See Ampace*, 279 B.R. 145.  In its *Ampace* holding, the bankruptcy court relied upon a decision of the United States Court of Appeals for the Third Circuit that had suggested that "the mere existence of overlapping facts and events in this setting is not sufficient to foreclose [creditor]'s current claim.  To properly apply the affirmative defense of claim preclusion, we must take a closer look."  *Eastern Minerals & Chem. Co. v. Mahan*, 225 F.3d 330, 337 (3d Cir. 2000).  In taking this closer look, the *Eastern Minerals* court concluded "that a claim should not be barred unless the factual underpinnings, theory of the case, and relief sought against the parties to the proceeding are so close to a claim actually litigated in the bankruptcy that it would be unreasonable not to have brought them both at the same time in the bankruptcy forum."  *Id*. at 337–38.

And yet, notwithstanding the Third Circuit's guidance in *Eastern Minerals*, the *Ampace* court saw fit to depart from the majority of cases that have addressed the requirements for sufficient particularity in reserving jurisdiction over post-confirmation claims, and reach the conclusion that a post-confirmation avoidance action would not be barred by res judicata.  Tech Data respectfully dissents from this conclusion, and believes that the matter should be reviewed in

light of the particular facts of this case, and in relation to the body of the majority of decisions that disagree with the thrust of the *Ampace* decision.

As described at length in Tech Data's Memorandum in Support of Its Motion to Dismiss, the majority of courts have held and continue to hold differently than *Ampace*.  Reservation of post-confirmation litigation rights must be both express and specific; failure to do so will result in the claim being barred by operation of the res judicata doctrine, effectively placing adjudication of the issue beyond the power of this Court.

The Plaintiff's Response to the Motion to Dismiss appears to have missed this point. Mere recognition of the Trustee's power to pursue preference actions does not equate to the abandonment of perfectly serviceable judicial doctrines.  Per the majority rule, the actions to be undertaken themselves must be identified, and the intent to file them must be alleged, in order to preserve the claim.  Having failed to do so here, the Plaintiff should be barred from pursuing them further.  In large part, Tech Data believes that the Plaintiff's response focuses upon the wrong jurisdictional argument and the Court's should respectfully avoid, as a red herring, this mischaracterization of Tech Data's Motion to Dismiss.

## CONCLUSION

Tech Data Corporation therefore respectfully requests that this Court grant the Defendant's Motion to Dismiss the Complaint.

Dated: March 14, 2005

Respectfully submitted,

DRINKER, BIDDLE & REATH, LLP


/s/  Andrew J. Flame
Andrew J. Flame (DE 4398)
Howard A. Cohen (DE 4082)
1100 N. Market Street, Suite 1000
Wilmington, DE  19801
Telephone:    (302) 467-4200
Facsimile:    (302) 467-4201

and

Of Counsel:
ADORNO & YOSS, LLP
Charles M. Tatelbaum (Fla.Bar No. 177540)
Stephen C. Hunt (Fla.Bar No. 191582)
350 E. Las Olas Blvd., Suite 1700
Fort Lauderdale, FL 33301
Telephone:    (954) 763-1200
Facsimile:    (954) 766-7800

Attorneys for Defendant and Movant,
Tech Data Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of March, 2005, I caused copies of the foregoing *Defendant Tech Data Corporation's Reply to Plaintiff's Resopnse to Motion to Dismiss* to be served in the manner indicated upon the following parties:

VIA HAND DELIVERY
William H. Sudell, Esq.
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street
Wilmington, Delaware  19801

VIA FIRST CLASS MAIL
S. Margie Venus, Esq.
AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
1111 Louisiana Street, 44th Floor
Houston, Texas  77002

/s/ Howard A. Cohen
Howard A. Cohen (DE No. 4082)